The STATE of Ohio, Appellant,

v.

DON WOOD BUICK, OLDS, PONTIAC, CADILLAC, GMC TRUCK, INC., Appellee.

[Cite as *State v. Don Wood Buick, Olds, Pontiac, Cadillac, GMC Truck, Inc.* (1996), 113 Ohio App.3d 358.]

Court of Appeals of Ohio,
Fourth District, Athens County.

No. 95CA1674.

Decided Aug. 8, 1996.

*Garry E. Hunter*, Athens City Director of Law, and *David A. Trimmer*, Athens City Prosecuting Attorney, for appellant.

*Jay F. McKirahan* and *Robert J. Gall*, for appellee.

STEPHENSON, Judge.

This is an appeal from a judgment entered by the Athens County Municipal Court dismissing a complaint filed by the Athens City Prosecutor on December 22, 1994, charging that Don Wood Buick, Olds, Pontiac, Cadillac, GMC Truck, Inc., appellee herein, had violated R.C. 4505.18(B). The city of Athens has filed an appeal from the dismissal and assigned the following error:

"The trial court judge erred in dismissing the state's charge, O.R.C. Section 4505.18(B), against the defendant."

The following facts pertinent to the appeal appear in the record. Appellee essentially agrees to such facts as set out in appellant's brief and are, in substance, the following:

The vehicle in question, a 1984 Chevrolet Cavalier, VIN # 1G1AD69P6EJ15791, was traded in to appellee by Jerry Barstow of Logan, Ohio, on May 13, 1993. The vehicle was then sold by an employee of appellee to Hysell Used Cars ("Hysell") in Middleport, Ohio, on May 19, 1993. No certificate of title was obtained by appellee nor was any certificate issued to Hysell until July 14, 1993. However, on May 19, 1993, Hysell paid $2,750 by check to appellee, which included the payment of the vehicle in question. Appellee then cashed the check on May 21, 1993. On May 24, 1993, the vehicle was sold to purchaser Frank Wingrove of Athens, Ohio, by Hysell. Although Wingrove paid $858 cash for the vehicle, he did not receive the certificate of title until July 20, 1993, nearly two months after he bought the vehicle. This is because appellee did not obtain valid title until July 14, 1993. Shortly thereafter, July 15, 1993, Hysell obtained a valid title. It is important to note that Wingrove acquired possession of the vehicle in question on the same date he purchased the vehicle, and was issued a thirty-day tag.

On April 27, 1995, a pretrial hearing was held on the case. At the hearing, appellee made a motion to dismiss the charges against it. Judge Douglas Bennett requested memorandums from both sides and it was decided that the motion would be heard on the record on June 2, 1995. On that date, a hearing was conducted, both parties presented their sides, and the judge ruled that the charge against the appellee should be dismissed for failure of facts pursuant to *Columbus v. Crown Chrysler Plymouth Jeep Eagle Inc.* (Mar. 31, 1995), Franklin M.C. No. M9410CRB–026198, unreported.

R.C. 4505.18 provides as follows:

"No person shall:

" * * *

"(B) Display or display for sale or sell as a *dealer* or acting on behalf of a dealer, a motor vehicle without having obtained a manufacturer's or importer's certificate or a certificate of title therefor as provided in sections 4505.01 to 4505.21 of the Revised Code[.]

" * * *

"(F) Except as otherwise provided in Chapter 4517. of the Revised Code, sell at wholesale a motor vehicle the ownership of which is not evidenced by an Ohio certificate of title, or the current certificate of title issued for the motor vehicle, or the manufacturer's certificate of origin, and all title assignments that evidence the seller's ownership of the motor vehicle, and an odometer disclosure statement

that complies with section 4505.06 of the Revised Code and subchapter IV of the 'Motor Vehicle Information and Cost Savings Act,' 86 Stat. 961 (1972), 15 U.S.C. 1981." (Emphasis added.)

R.C. 4517.19(D) provides as follows:

"No person licensed or registered under Chapter 4517. of the Revised Code shall:

" * * *

"Fail, within ten days of acceptance of an offer for sale at wholesale, to deliver an Ohio certificate of title or the current certificate of title issued for the motor vehicle, and all title assignments that evidence the seller's ownership of the motor vehicle, to the purchaser of the motor vehicle. Failure to deliver title within ten days of acceptance of an offer for sale at wholesale is grounds for rescission of the agreement to buy."

R.C. 4517.01(J) provides as follows:

"(J) 'Dealer' or 'motor vehicle dealer' means any new motor vehicle dealer, any motor vehicle leasing dealer, and any used motor vehicle dealer.

"(K) 'New motor vehicle dealer' means any person engaged in the business of selling at retail, displaying, offering for sale, or dealing in new motor vehicles pursuant to a contract or agreement entered into with the manufacturer, remanufacturer, or distributor of the motor vehicles.

"(L) 'Used motor vehicle dealer' means any person engaged in the business of selling, displaying, offering for sale, or dealing in used motor vehicles, at retail or wholesale, but does not mean any new motor vehicle dealer selling, displaying, offering for sale, or dealing in used motor vehicles incidentally to engaging in the business of selling, displaying, offering for sale, or dealing in new motor vehicles, any person engaged in the business of dismantling, salvaging, or rebuilding motor vehicles by means of using used parts, or any public officer performing his official duties."

R.C. 4517.01(EE) provides the following:

" 'Wholesale' or 'at wholesale' means the act or attempted act of selling, bartering, exchanging, or otherwise disposing of a motor vehicle to a transferee for the purpose of resale and not for ultimate consumption by that transferee."

The dispositive issue for review is whether R.C. 4505.18(B) includes in the word "dealer" a wholesale dealer who must have a certificate of title in his possession prior to the display of or sale of a motor vehicle. As seen by the following citation, the issue is not novel.

In *State v. Kruger* (Apr. 11, 1995), Franklin M.C. No. M941CR3–026199, unreported, the court held, in substance, that a motor vehicle dealer did not violate R.C. 4508.18(B) when selling a motor vehicle at wholesale without the dealer having a certificate of title in his possession at the time of sale.

Essentially the court reasoned that the wording "[e]xcept as otherwise provided in Chapter 4517" in R.C. 4508.18(F) created an exception to the required possession of a certificate of title at the time of a wholesale of a motor vehicle by providing in R.C. 4517.19(D) that a wholesale dealer is granted ten days from an acceptance of an offer by the wholesale to deliver a certificate of title.

The court concluded as follows:

"Because Sections 4505.18(B) and (F) are listed as separate and equal parts of the statutory scheme governing the sale of vehicles without a certificate of title, it is not completely clear and evident how the apparent conflict between the sections should be construed. The intent of the legislature is not clear from the drafting of the law.

"Franklin County Court of Appeals interpreting 4505.18(B) held that 4505.18(B) was written to apply to the sale of automobiles to consumers[;] there the court examined 4505.18(B) and held that 'The obvious purpose of [the] regulations covering automobile dealers is to eliminate fraud, or the opportunity for fraud, in the sale of motor vehicles to *consumers.'* *Auto Reality Service, Inc. v. Brown* (1971), 27 Ohio App.2d 77 at 81 [56 O.O.2d 253 at 255, 272 N.E.2d 642 at 645]. The court continued to say 'the language as used is quite broad, and encompasses within it the regulation of all *commercial* dealings involving the selling of motor vehicles.' *Auto Reality Service, Inc.* at 82 [56 O.O.2d at 256, 272 N.E.2d at 646].

"Ohio Revised Code Section 2901.04 rules of construction states that sections defining offenses or penalties shall be strictly construed against the state and liberally construed in favor of the accused.

"Based on a prior court of appeals interpretation that the requirements of 4505.18(B) applied to consumer transactions and approving the rules of construction requiring strict construction against the state and liberal construction for the accused, to resolve the apparent statutory conflict, the court cannot find a violation of 4505.18(B)."

A similar result was reached in *Columbus v. Crown Chrysler Plymouth Jeep Eagle, Inc.* (Mar. 31, 1995), Franklin Cty. M.C. No. M9410CRB–026198, unreported, *supra,* the decision which reads as follows:

"At first blush it would appear that the defendant violated R.C. 4505.18(B), but R.C. 4505.18(F) creates an exception for wholesalers:

" '*Except as otherwise provided in Chapter 4517. of the Revised Code,* [no person shall] sell at wholesale a motor vehicle the ownership of which is not evidenced by [an] Ohio certificate of title, or the current certificate of title issued for the motor vehicle, or the manufacturer's certificate of origin and all title assignments that evidence the seller's ownership of the motor vehicle, and an odometer disclosure statement[.] * * * ' (Emphasis added.)

"The court finds that subsection (F) is an exception to R.C. 4505.18(B), rather than a mere statement of additional requirements for wholesalers, because R.C. 4517.19(D) allows the wholesaler a ten-day window for which to transfer title to the buyer. It would make no sense to grant the wholesaler a ten-day window in one specific subsection of the Ohio Revised Code, but then to effectively nullify that subsection through an interpretation of a more general statutory section. The court finds that R.C. 4505.18(F) and R.C. Chapter 4517 together create exceptions to the general application of R.C. 4505.18(B)."

In Am.Sub.H.B. No. 382, 141 Ohio Laws, Part II, 3477, effective March 19, 1987, the General Assembly extensively amended R.C. Chapters 4505 and 4517. While the bill dealt primarily with laws regulating odometer disclosure, R.C. 4505.18(F) and 4517.19(D), both set forth above, were enacted.

If, as appellant argues, R.C. 4505.18(B) was intended to include wholesale motor vehicle dealers, there would appear to be no logical reason to enact R.C. 4505.18(F) and 4517.19(D). It is to be noted that, historically, wholesale motor vehicle dealers are not licensed in Ohio but only required to be registered, unlike retail motor vehicle dealers who must be licensed.

The purpose of R.C. 4505.18(B) is to require a motor vehicle dealer selling to a consumer to be able to immediately transfer title to the purchaser. Since wholesale transactions involve sales to dealers who are aware of the ten-day "window" to deliver a certificate of title, the underlying purpose of R.C. 4505.18(B) is not involved.

Based upon Ohio statutory and decisional law, we hold that R.C. 4505.18(B) does not require a wholesale dealer to have in his possession a certificate of title at the time of sale of the vehicles.

The assignment of error is overruled and the judgment affirmed.

*Judgment affirmed.*[1]

PETER B. ABELE, P.J., and HARSHA, J., concur.

---

1. We do not reach or consider whether sections other than R.C. 4505.18(B) may have been violated by appellee.